UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                 :

PATRICIA L. CARLIN et al.,                    :

                         Plaintiffs,          :
                                               :         24-CV-8435 (JMF)
          -v-                                           :

UNITED HEALTHCARE INSURANCE COMPANY OF :    MEMORANDUM OPINION
NEW YORK, INC. et al.,                            :             AND ORDER

                       Defendants.        :
                                               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In their response to the Court's Order to Show Cause, ECF No. 74, Plaintiffs assert that the parties are completely diverse and that the amount in controversy plausibly exceeds $75,000, *see* ECF No. 77. Upon review of Plaintiffs' response and Third Amended Complaint, the Court concludes that dismissal at this stage would not be appropriate.

       Diversity jurisdiction requires both diverse citizenship of the parties and a "reasonable probability" that the amount in controversy exceeds $75,000. *Smulley v. Safeco Ins. Co. of Ill.*, No. 21-2124-CV, 2022 WL 16753118, at *1 (2d Cir. Nov. 8, 2022) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)) (summary order). Courts "measure the amount in controversy associated with a claim for declaratory relief 'by the value of the object of the litigation.'" *Id.* (quoting *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006)). Significantly, dismissal is proper only if it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) ("[T]he complaint [must be] so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy

jurisdictional minimums." (internal quotations omitted)).

The Court cannot say "to a legal certainty" that Plaintiffs' individual claims do not exceed the jurisdictional threshold of $75,000. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). In the context of diversity jurisdiction, unlike under CAFA, Plaintiffs may not aggregate the claims to meet the amount-in-controversy requirement. *See Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41 (1911) (permitting aggregation of multiple plaintiffs' claims only when plaintiffs seek to "enforce a single title or right, in which they have a common and undivided interest"); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) ("The Supreme Court has long held that separate and distinct claims raised by different plaintiffs may not be aggregated to satisfy the jurisdictional amount in controversy."); *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1422-23 (2d Cir. 1997). While Plaintiffs acknowledge that the value of each Plaintiff's individual unpaid medical claims total less than $75,000, Plaintiffs contend that jurisdiction exists because their Amended Complaint also seeks punitive damages. *See* ECF No. 77. It is true that "[p]otentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law." *Bindrum v. Am. Home Assurance Co.*, 441 F. App'x 780, 782 (2d Cir. 2011) (summary order); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("In addition, if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."). At the same time, "in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972).

Although there are reasons to be skeptical that Plaintiffs will be able to recover punitive

damages here, the "record does not foreclose th[e] possibility" of such damages. *A.F.A. Tours, Inc.*, 937 F.2d at 89; *see also, e.g.*, *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("[T]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim."). A party ordinarily cannot seek punitive damages in fraud or contract cases under New York law, but there are some narrow situations where punitive damages are available, including "where a wrong is aggravated by recklessness or willfulness, . . . whether or not directed against the public generally." *Roy Exp. Co. v. Columbia Broad. Sys.*, 672 F.2d 1095, 1106 (2d Cir. 1982), *cert. denied,* 459 U.S. 826 (1982); *see also Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 509 (2d Cir. 1991); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 198 (S.D.N.Y. 2011) ("Under New York law, punitive damages are not available in the ordinary fraud and deceit case; a plaintiff must plead that defendant's conduct was morally culpable." (cleaned up)); *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 340 (S.D.N.Y. 2003) ("Under New York law, punitive damages are not available in the ordinary breach of contract case. However, such damages are available if the plaintiff demonstrates, at a minimum, that the defendant's conduct was (1) actionable as an independent tort; (2) egregious in nature; and (3) directed towards plaintiff (citing *United States v. Merritt Meridian Const. Corp.,* 95 F.3d 153, 160 (2d Cir.1996)). Punitive damages may also be appropriate where the parties' relationship was fiduciary in nature. *H & R Indus., Inc. v. Kirshner,* 899 F. Supp. 995, 1012 (E.D.N.Y 1995).

In the Third Amended Complaint, Plaintiffs allege that "Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and oppressive manner, entitling Plaintiffs and Class members to punitive damages against Defendant." ECF No. 72, ¶ 96. Furthermore, Plaintiffs allege a breach of fiduciary duty throughout the Amended Complaint. *See, e.g.*, *id.* ¶¶ 83, 85. Given these allegations, the Court cannot say to "a legal certainty" that Plaintiffs

cannot satisfy the amount in controversy, and it thus concludes that the amount in controversy exceeds $75,000 for jurisdictional purposes.

In light of the foregoing, Defendants shall answer or otherwise respond to the Third Amended Complaint no later than **December 10, 2025**.  Moreover, it is hereby ORDERED that the initial pretrial conference previously adjourned *sine die* is SCHEDULED for **December 17, 2025**, at **9:00 a.m.**  The conference will be held remotely by telephone in accordance with Rule 3.B of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 3(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

The parties are reminded that they must file on ECF **no later than Thursday of the week prior to the initial pretrial conference** a joint letter, the contents of which are described in the Court's September 26, 2025 Order.  *See* ECF No. 73.

SO ORDERED.

Dated: November 20, 2025
  New York, New York

_____
JESSE M. FURMAN
United States District Judge

4